UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  5:26-cv-00530-JLS-PD                                                Date: February 13, 2026
Title:  Yinlong Zhang v- Kristi Noem et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING IN PART PETITIONER'S EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER (Doc. 4)**

Before the Court is an Ex Parte Motion for a Temporary Restraining Order ("TRO") filed by Petitioner Yinlong Zhang.  (TRO App., Doc. 4.)  Respondents Pamela Bondi, Department of Homeland Security, Executive Officer for Immigration Review, Kristi Noem, and Fereti Semaia filed a Reply on February 11, 2026.  (Reply, Doc. 8.)  For the reasons described below, the Court GRANTS the alternative request for a prompt bond hearing.

I.     **BACKGROUND**

Petitioner Yinlong Zhang is a citizen of China who entered the United States on or around September 19, 2024 seeking asylum protection.  (TRO App. ¶¶ 4–5.)  On or around September 20, 2024, the Department of Homeland Security ("DHS") released Petitioner pursuant to the Immigration and Nationality Act ("INA") § 236.  (*Id.* ¶ 5.)  On October 4, 2024, Petitioner timely filed an Application for Asylum.  (*Id.* ¶ 6.)  On December 30, 2025, Petitioner was apprehended by Immigration and Customs Enforcement during a routine check-in.  (*Id.* ¶ 8.)  Petitioner was classified as an "arriving alien" under 8 U.S.C. § 1225(b)(2), meaning that he was not given a bond

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00530-JLS-PD                                       Date: February 13, 2026
Title:  Yinlong Zhang v- Kristi Noem et al

hearing as required by 8 U.S.C. § 1226(a).  (*Id.* ¶ 12.)  Petitioner filed a Petition for Writ of Habeas Corpus on February 5, 2026.  (Pet., Doc. 1.)  Petitioner requests immediate release or, alternatively, a bond hearing within seven days.  (Pet. at 11–12, TRO App. at 4.)

## II.    LEGAL STANDARD

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction."  *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  Like a preliminary injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  "The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held."  *Jones v. H.S.B.C. (USA)*, 844 F. Supp. 2d 1099, 1100 (S.D. Cal. 2012) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974)).

To obtain a temporary restraining order ("TRO"), a plaintiff "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that [a TRO] is in the public interest."  *Winter*, 555 U.S. at 22.  This "requires the plaintiff to make a showing on all four prongs."  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  Alternatively, under the Ninth Circuit's sliding scale test, a plaintiff may obtain a TRO by showing "that there are 'serious questions going to the merits'" and that "the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied."  *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies*, 632 F.3d at 1135) (emphasis omitted).  The final two *Winter* factors "merge"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00530-JLS-PD                                                         Date: February 13, 2026
Title:  Yinlong Zhang v- Kristi Noem et al

when a TRO is sought against the government.  *Nken v. Holder*, 556 U.S. 418, 435 (2009).

### III.  ANALYSIS

In reply, Respondents concede that "Petitioner appears to be a member of the Bond Eligible Class certified in *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d. ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025.)"  (Reply at 2.)  There, another Court in this district certified a class including those who, like the petitioner here, were detained pursuant to 8 U.S.C. § 1225(b)(2) without a bond hearing as required by 8 U.S.C. § 1226(a) pursuant to a new policy proffered by DHS.  2025 WL 3288403, at *8–9.  On December 18, 2025 the *Bautista* court granted declaratory judgment in favor of the Bond Eligible Class, and vacated the DHS policy under the APA.  *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d. ---, 2025 WL 3713987, at *11, 32 (C.D. Cal. Dec. 18, 2025).  Thus, Respondents "acknowledge that Petitioner's claim in this action appears to be subject to the *Bautista* judgment and to any applicable appellate proceedings relating to it."  (Reply at 2.)

The Court agrees with Respondents that Petitioner is a member of the *Bautista* Bond Eligible Class and therefore is likely to succeed in challenging his continued detention without a hearing.  While Respondents do not raise the legal issues addressed by *Bautista* independently here, numerous Courts in this district have done so and granted similar TRO requests.  *See, e.g.*, *Mosqueda v. Noem*, 5:25-cv-02304-CAS-BFM, 2025 WL 2591530, at *4–5 (C.D. Cal. Sept. 8, 2025); *Vasquez v. Noem*, 5:25-cv-3087-FWS-SP, 2025 WL 4056018, at *4–5 (C.D. Cal. Nov. 19, 2025); *Vishal Vishal v. Warden, Adelanto ICE Processing Ctr.*, 5:26-cv-269-MWF-DFM, 2026 WL 300263, at *1 (C.D. Cal. Feb. 3, 2026) (collecting cases). Independently of the *Bautista* judgment, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00530-JLS-PD                                                                   Date: February 13, 2026
Title:  Yinlong Zhang v- Kristi Noem et al

agrees with the reasoning of fellow Courts in this district reached over the course of a high volume of litigation.

The remaining *Winter* factors also counsel in favor of a TRO.  While Respondents correctly state in Reply that Petitioner does not have a removal order and therefore is not subject to imminent deportation, his continued detention without a hearing constitutes a loss of liberty that is irreparable.  *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) ("It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury'").  The balance of equities and public interest weigh in favor of a TRO because "petitioners challenge a policy that is likely in violation of federal law." *Mosqueda*, 2025 WL 2591530, at *6; *see also Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022) ("neither equity nor the public's interest are furthered by allowing violations of federal law to continue.").

For these reasons, Petitioner's Motion for a TRO is GRANTED in part.  The Court ORDERS as follows:

- Respondents are ENJOINED from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within **seven (7) days** of this Order.

- Respondents are ORDERED TO SHOW CAUSE, in writing, no later than February 20, 2026, as to why a preliminary injunction should not issue, also addressing whether the issue is moot.  Petitioner may file a response by February 24, 2026.  The Court SETS A HEARING on whether a preliminary injunction should issue on March 4, 2026, at 10:30am in Courtroom 8A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00530-JLS-PD                                             Date: February 13, 2026
Title:  Yinlong Zhang v- Kristi Noem et al

- Respondents are ENJOINED from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case.

- Proceedings on the merits of Petitioner's underlying Habeas Petition will continue before the Magistrate Judge.

Initials of Deputy Clerk: kd